UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| HUSSEIN SALEM MOHAMMAD ABDALLAH EL-MARQODI | : : : | | |
| Petitioner/ Plaintiff, | : : : : | | |
| v. | : : | Civil Action No.: | 05-1469 (RMU) |
| GEORGE W. BUSH *et al.*, | : : : | Document No.: | 4 |
| Respondents/ Defendants | : : : | | |

## MEMORANDUM ORDER

### GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the court on the respondents' motion for a preliminary injunction and temporary restraining order pursuant to Rule 65(a) and (b) of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651. This case presents issues similar to those of other Guantanamo detainees litigating in this court. In brief, the petitioner seeks a temporary restraining order requiring the respondents to provide 30 days advance notice of any intent to transfer the petitioners from Guantanamo Bay Naval Base in Cuba.

On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee*

*Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936).

Accordingly, it is this 19th day of August, 2005,

**ORDERED** that the respondents' motion for a temporary restraining order is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal.

**SO ORDERED**.

                                                      RICARDO M. URBINA
                                                      United States District Judge