IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUSSEIN SALEM MOHAMMAD ABDALLAH EL-MARQODI,<br><br>v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br>Respondents. | CA No. 05 CV 1649 (PLF) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR WRIT OF HABEAS CORPUS OR ORDER TO SHOW CAUSE**

Petitioner, a prisoner of the United States held at Guantánamo, respectfully moves for a writ of habeas corpus or an order to show cause why the writ should not issue, returnable by Respondents not later than 90 days after the Order is issued. This Court has previously ordered Respondents to file a factual return in the habeas case of a similarly situated Guantánamo detainee. *Tumani v. Bush*, 05 cv-0526 (RMU) (attached as Ex. A). The Court should similarly order Respondents to file a factual return for Petitioner as soon as security clearances are provided to counsel.

As part of their trial preparation, once they have their security clearances, counsel for Mr. El-Marqodi will also be seeking permission to visit him in Guantánamo in the near future. It would greatly help counsel to have the return – and greatly prejudice counsel not to have the return – by the time they leave for Guantánamo, so they can ask informed questions of Mr. El-Marqodi based on the unclassified information in the return.

The return for Mr. El-Marqodi, like the returns for the other Guantánamo prisoners, will consist of the administrative record of the Combatant Status Review Tribunal proceeding confirming his status as an "enemy combatant." Requiring Respondents to produce that record in the form of a return before counsel leave for Guantánamo should work no hardship on Respondents, who have done the same for scores of other petitioners in these habeas cases.

Counsel for Petitioner sought to avoid burdening the Court with this matter, proposing to Respondents a stipulation in which they would agree to provide the factual return, and Petitioner in return would agree to a limited stay of proceedings. Unfortunately, Respondents' counsel rejected that proposal. See Ex. B, Declaration of Richard L. Cys.

At least five of the other Judges of this Court who have been assigned detainee cases since Judge Green entered her stay order on February 3, 2005 have ordered the Government to produce factual returns, even while entering orders otherwise staying those cases.[1]

---

[1] *Tumani v. Bush*, 05-CV-0526 (RMU), slip op. at 2 (D.D.C. Apr. 19, 2005) (Ex. A) ("[P]etitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients"); *Al-Mohammad v. Bush*, 05-cv-00247 (HHK), slip op. at 2 (D.D.C. April 30, 2005 (Ex. C) (Petitioners' counsel must have access to returns to "develop a meaningful understanding" of the factual allegations relating to petitioner's detention and "prepare for consultation with their clients"); *Kurnaz v. Bush*, 04-CV-1135 (ESH), 2005 WL 839542, at *1 (D.D.C. Apr. 12, 2005) (Ex. D) (stating that habeas counsel require access to the full factual returns now "to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal"); *Al-Adahi v. Bush*, 05-CV-280 (GK), slip op. at 2 & n.1 (D.D.C. Apr 29, 2005) (Ex. E) (ordering production of factual returns so petitioners' counsel "can begin preparing their defense well in advance of any ruling by the Court of Appeals"); *Al-Anazi v. Bush*, 05-CV-0345 (JDB), slip op. at 20 (D.D.C. Apr. 21, 2005) (Ex. F) (staying proceedings but ordering Government to produce factual returns, noting that "the factual returns appear necessary for petitioners' counsel effectively to represent petitioners," and that "even initial conversations by counsel with their clients may be very difficult without access to that basic factual information"); *Al-Shamri v. Bush*, 05-CV-551 (RWR), slip op. at 4 (D.D.C. May 10, 2005) (Ex. G) (staying proceedings but ordering the Government to produce factual re-turns); *El-Banna v. Bush*, 04-CV-1144 (RWR), slip op. at 7 (D.D.C. Apr. 8, 2005) (Ex. H) (same); *Al-Oshan v. Bush*, 05-CV-0520 (RMU), slip op. at 2 (D.D.C. Apr. 7, 2005) (Ex. I) (same); *Er-rachidi v. Bush*, No. 05-CV-00640 (EGS) (D.D.C. Apr. 21, 2005) (minute order) (same).

Petitioner's counsel are duty-bound to prepare now for the eventuality of a habeas hearing. Ongoing trial preparation is necessary because memories fade, witnesses move, die, or change jobs, and documentary evidence disappears. As the Eighth Circuit has stated, "The writ of habeas corpus, challenging illegality of detention, is reduced to a sham if the trial courts do not act within a reasonable time . . . ." *Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978).

WHEREFORE, Petitioner respectfully requests that the writ or an order to show cause be issued forthwith, returnable by Respondents not later than 90 days from the date the order is issued.

Dated: August 22, 2005

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

_____
Richard L. Cys (DC Bar No. 087536)
1500 K Street, NW, Ste. 450
Washington, DC 20005-1272
Tel: (202) 508-6617
Fax: (202) 508-6699

James P. Walsh (DC Bar No. 930115)
One Embarcadero Center, Suite 600
San Francisco, California 94111-3611
Tel: (415) 276-6556
Fax: (415) 276-6599

*Of Counsel*
Michael Ratner
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464

## CERTIFICATE OF SERVICE

I, Richard L. Cys, hereby certify at on this 22nd day of August, 2005, I caused copies of the foregoing Motion and Memorandum in Support of Motion for Writ of Habeas Corpus or Order to Show Cause to be served on each of the Respondents or their counsel as follows:

*By Express Mail to:*

The Honorable Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

The Honorable Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Avenue, N.W.
Room 5111
Washington, D.C. 20530

George W. Bush
President of the United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

Donald Rumsfeld
Secretary of Defense
United States Department of Justice
1000 Defense Pentagon
Washington, D.C. 20301-1000

Army Brig. Gen. J. Hood
Commander, Joint Task Force-GTMO
Guantánamo Bay Naval Station
Guantánamo Bay, Cuba
APO AE 09360

Army Col. Nelson J. Cannon
Commander, Camp Delta –JTF-GTMO
Guantánamo Bay Naval Station
Guantánamo Bay, Cuba
APO AE 09360

*By e-mail to:*

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6120
Washington, DC 20530
e-mail: Andrew.Warden@usdoj.gov

_____
Richard L. Cys