IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HUSSEIN SALEM MOHAMMAD ABDALLAH EL-MARQODI,<br>    Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br>    Respondents. | CA No. 05 CV 1649 (RBW) |

**PETITIONER'S CONDITIONAL CONSENT TO RESPONDENTS' MOTION TO STAY PROCEEDINGS AND REPLY TO RESPONDENTS' OPPOSITION TO MOTION FOR WRIT OF *HABEAS CORPUS* OR ORDER TO SHOW CAUSE**

  1.  **Petitioner Does Not Oppose the Stay Motion in Its Entirety.**

If this matter were one of first impression, Petitioner would oppose Respondents' stay motion in its entirety. But Judge Green stayed the Guantánamo detainee cases under her supervision; other Judges of this Court have stayed the cases assigned to them; and Judge Urbina has stayed *Al-Oshan v. Bush*, 05-CV-00520 (D.D.C. Mar. 31, 2005), *Qayed v. Bush*, 05-CV-00454 D.D.C. Apr. 6, 2005), and *Tumani v. Bush*, 05-CV-00526 (D.D.C. Apr. 6, 2005). In these circumstances, Petitioner does not ask the Court to deny Respondents' stay motion in its entirety.

Any stay, however, should not excuse Respondents from providing Petitioner's factual return to counsel promptly. Judge Green ordered Respondents to provide factual returns despite the pendency of their motions to dismiss, which were the practical equivalent of Respondents' pending appeals. In *Al-Oshan, Qayed,* and *Tumani,* Judge Urbina ordered Respondents to provide factual returns, even though the Court also stayed those cases. At least six other Judges

of this Court, although staying detainee cases, have ordered Respondents to provide factual returns. (*See* Mot. for Writ of Habeas Corpus of Order to Show Cause at 2 & n.1 (citing orders).)

Those returns have been critical. They have enabled counsel to interview their clients, their clients' families and others on a focused and informed basis, and otherwise to investigate and prepare their clients' cases – and to do so while memories are still fresh, witnesses and documents still available, and other evidence still within reach. *See Al-Mohammed v. Bush*, 05-CV-00247, slip op. at 2-3 (D.D.C. Apr. 30, 2005). As Judge Kennedy stated in *Al-Mohammed*, "petitioners' counsel must have access to [the returns] in order to develop a meaningful understanding of the basic factual allegations . . . and prepare for consultation with their clients." *Id.* at 2. For these reasons, the Court should not stay Respondents' obligation to provide the return in this case.

**2.    Respondents' arguments against providing the return in this case fall short.**

Respondents complain that providing Petitioner's return would "burden" them. (Mot. to Stay at 12.) Any such "burden" to Respondents, however, does not outweigh Petitioner's interest in ensuring the investigation and preparation of his case before the trail – cool as it might be now – becomes completely cold, and in being able to proceed without delay if the Court of appeals allows these cases to proceed.

Respondents' asserted "burden," moreover, is greatly overstated. The factual return is most likely the record of proceedings before the Combatant Status Review Tribunal. *See Id.* at 11 n.9. That record already exists. Classification decisions regarding the information in the record of those proceedings were made *before* the proceedings began, and the entirety of the proceedings underwent legal review upon their completion. *See, e.g.,* Memo from Bree A.

Ermentrout to Director, Combatant Status Review Tribunal, Jan. 18, 2005, in Factual Return for Petitioner Abdulsalam Ali Abdulrahman Al Hela, *Al Hela v. Bush*, 05-cv-01048 (RMU) (D.D.C. June 15, 2005) (attached as Exhibit A). The only "burden" facing Respondents now is photocopying, sorting and stapling. Respondents were able to produce the classified versions of approximately 60 returns in little more than a week when Judge Green ordered them to do so in the cases under her supervision.

Respondents claim that the returns would be useless to Petitioner's counsel because counsel could not share with Petitioner the classified information in the return. (Mot. to Stay at 11.) But not all the information in the return is classified. The allegations against Petitioner, which are set forth in the return, are not classified. Until Petitioner's counsel have seen the return, they will not know what Petitioner is accused of having done, and cannot meaningfully interview Petitioner or begin to investigate or prepare his case.

The return also includes (1) an unclassified discussion of the classified information in the return; (2) an unclassified summary of the transcript of the CSRT hearing, including any statement or testimony by Petitioner or his "personal representative;" and (3) other unclassified information that other counsel have found highly useful in their representation of other detainees. And, although counsel may not disclose classified information in the return to Petitioner, knowing that information enables counsel to focus their investigation and preparation of Petitioner's case and to seek from Petitioner and other facts pertinent to his "enemy combatant" designation.

Finally, Respondents speculate that providing the return in this case would increase the risk of inadvertent disclosure – or other compromise – of classified information. (*Id.* at 12.) This speculation lacks basis. Only counsel who have been granted security clearances and

submitted themselves to a stringent Protective Order may see the classified information in the returns. "The Government's decision to grant an individual attorney at security clearance amounts to a determination that the attorney can be trusted with information at that level of clearance." *Al Odah v. United States,* 346 F.Supp.2d 1, 14 (D.D.C. 2004). Counsel are unaware of any report that classified information provided by Respondents to cleared counsel in the detainee cases has been disclosed or otherwise compromised.

3. **Counsel need to have Petitioner's factual return in hand in 60 days.**

Counsel for Petitioner are in the process of submitting their applications for security clearance, which should be obtained in at least 60 days. (Although Petitioner's Motion sought returns in 90 days, recent developments at Guantánamo prompt us to request a shorter time.) Then two attorneys from our firm will seek to visit Petitioner in Guantánamo Bay. Any meeting with Petitioner would be much less fruitful without a factual return.

4. **Any stay should prohibit Respondents from removing Petitioner from Guantánamo without advance notice and explicitly permit Petitioner to seek emergency relief.**

When this case was first filed, it was assigned to Judge Urbina who entered an Order requiring 30 days notice by the government of any intention to move Petitioner from Guantánamo Bay. See Order of August 19, 2005 in this case. Petitioner submits that this Order is the law of the case and is binding on the government. The government's position is that this Order is an *ex parte* TRO which expired after ten days under Rule 65. To the contrary, this Order was not issued *ex parte* pursuant to specific requirements set forth in Rule 65. This Court should reaffirm Judge Urbina's Order.

In addition, this Court has previously imposed restrictions on Respondents moving detainees[1] and other Judges of the Court in at least 19 other cases, have prohibited Respondents from removing the Petitioners in those cases from Guantánamo without providing counsel and the Court with 30-days' advance notice of the intended removal. Some of those Judges have imposed this notice requirement by means of a preliminary injunction.[2] Others have required advance notice as a condition of issuing a stay.[3] This Court should similarly impose a 30-day advance-notice requirement as a condition of entering a stay in this case, and the stay, like the stays in the other cases, should explicitly permit Petitioner to seek emergency relief. If this Court does not follow Judge Urbina's Order, it should enter the attached proposed Order.

WHEREFORE, this Court should issue the writ or an order to show cause forthwith, returnable by Respondents not later than November 10, 2005. Any stay entered by the Court should continue Judge Urbina's 30-day advance-notice requirements, or include another similar Order, as condition of entering a stay, and the stay should explicitly permit Petitioner to seek emergency relief.

---

[1] *See Almurbati v. Bush*, 366 F.Supp.2d 72 (D.D.C April 14, 2005).

[2] *Al-Adahi v. Bush*, 05-CV-00280 (GK) (D.D.C. Apr. 28, 2005); *Al Joudi v. Bush*, 05-CV-00301 (GK) (D.D.C. Apr. 4, 2005); *Al-Marri v. Bush*, 04-CV-2035 (GK) (D.D.C. Apr. 4, 2005); *Al-Mohammed v. Bush*, 05-CV-00247 (HHK) (D.D.C. Mar. 30, 2005); *Abdah v. Bush*, 04-CV-1254 (HHK) (D.D.C. Mar. 29, 2005).

[3] *Kurnaz v. Bush*, 04-CV-1135 (ESH) (D.D.C. Apr. 12, 2005); *Ameziane v. Bush*, 05-CV-00392 (ESH) (D.D.C. April 12, 2005); *Abdullah v. Bush*, 05-CV-00023 (RWR) (D.D.C. Apr. 8, 2005); *Al Rashaidan v. Bush*, 05-CV-00586 (RWR) (D.D.C. April 8, 2005); *El Banna v. Bush*, 04-CV-1144 (RWR) (D.D.C. Apr. 8, 2005); *Tumani v. Bush*, 05-CV-00526 (RMU) (D.D.C. Apr. 6, 2005); *Qayed v. Bush*, 05-CV-00454 (RMU) (D.D.C. Apr. 6, 2005); *Al-Wazan v. Bush*, 05-CV-00329 (PLF) (D.D.C. Apr. 1, 2005); *Al-Shihry v. Bush*, 05-CV-00490 (PLF) (D.D.C. Apr. 1, 2005) *Al-Oshan v. Bush*, 05-CV-00520 (RMU) (D.D.C. Mar. 31, 2005).

Dated: September 12, 2005

                                              Respectfully submitted,

                                              DAVIS WRIGHT TREMAINE LLP

                                              */s/ Richard L. Cys*
                                              Richard L. Cys (DC Bar No. 087536)
                                              1500 K Street, NW, Ste. 450
                                              Washington, DC  20005-1272
                                              Tel: (202) 508-6617
                                              Fax: (202) 508-6699

                                              James P. Walsh  (DC Bar No. 930115)
                                              One Embarcadero Center, Suite. 600
                                              San Francisco, California 94111
                                              Tel: (415) 276-6556
                                              Fax: (415) 276-6599

                                              *Of Counsel*
                                              Michael Ratner
                                              Center for Constitutional Rights
                                              666 Broadway, 7th Floor
                                              New York, New York 10012
                                              Tel: (212) 614-6464

## CERTIFICATE OF SERVICE

I, Richard L. Cys, hereby certify at on this 12th day of September, 2005, I caused copies of the foregoing Petitioner's Conditional Consent to Respondents' Motion to Stay Proceedings and Reply to Respondents' Opposition to Motion for Writ of *Habeas Corpus* or Order to Show Cause to be served on each of the Respondents or their counsel as follows:

*By Express Mail to:*

The Honorable Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

The Honorable Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Ave., N.W.
Room 5111
Washington, D.C. 20530

George W. Bush
President of the United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

Donald Rumsfeld
Secretary of Defense
United States Department of Justice
1000 Defense Pentagon
Washington, D.C. 20301-1000

*By U.S. Mail to:*

Army Brig. Gen. J. Hood
Commander, Joint Task Force-GTMO
Guantánamo Bay Naval Station
Guantánamo Bay, Cuba
APO AE 09360

Army Col. Nelson J. Cannon
Commander, Camp Delta –JTF-GTMO
Guantánamo Bay Naval Station
Guantánamo Bay, Cuba
APO AE 09360

*By e-mail to:*

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 6120
Washington, DC 20530
e-mail: Andrew.Warden@usdoj.gov

_____
Richard L. Cys