IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUSSEIN SALEM MOHAMMAD ABDALLAH EL-MARQODI,<br>         Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, President of the United States, *et al.*,<br>         Respondents. | CA No. 05 CV 1649 (RBW) |

**REPLY TO MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION REQUIRING ADVANCE NOTICE OF TRANSFER OR RELEASE**

Petitioner Hassein Salem Mohammad Abdallah El-Marqodi respectfully submits his reply to Respondents' Opposition to his Motion for Preliminary Injunction Requiring Advance Notice of Transfer or Release.[1]

When this case was first filed, it was assigned to Judge Urbina who immediately entered an Order requiring 30 days notice by the government of any intention to move Petitioner from Guantánamo Bay. See Order of August 19, 2005 in this case. Petitioner submits that this Order is the law of the case and is binding on the government. The government's position is that this Order is an *ex parte* TRO which expired after ten days under Rule 65. To the contrary, this Order was not issued *ex parte* and without notice pursuant to specific requirements set forth in Rule 65 Fed.R.Civ.P. For example, Rule 65(b) requires that a TRO issued without notice must be supported by an affidavit showing why notice was not given and why it is not necessary. No such showing was made here. In addition, the Rule provides:

---

[1] Counsel for Petitioner are attempting to resolve the issue raised by Respondents' Notice of Multiple Petitions Filed by Guantánamo Bay Detainee and will respond to the Notice soon.

> Every temporary restraining order granted without notice shall be indorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record; shall define the injury and state why it is irreparable and why the order was granted without notice; and shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period. The reasons for the extension shall be entered of record . . . . On 2 days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event he court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

None of these requirements was followed here. The Motion was filed routinely with proper service on the other side. Petitioner made no effort to proceed without notice. Judge Urbina simply issued an order decisively and quickly and certainly did not designate his Order as a TRO without notice. Moreover, Respondents did not move for dissolution upon two days' notice as they easily could have if they truly believed the Order was an *ex parte* TRO.

In addition, this Court has previously imposed restrictions on Respondents moving detainees[2] and other Judges of the Court in at least 19 other cases, have prohibited Respondents from removing the Petitioners in those cases from Guantánamo without providing counsel and the Court with 30-days advance notice of the intended removal. Some of those Judges have imposed this notice requirement by means of a preliminary injunction.[3] Others have required

---

[2] *See Almurbati v. Bush*, 366 F.Supp.2d 72 (D.D.C April 14, 2005).

[3] *Al-Adahi v. Bush*, 05-CV-00280 (GK) (D.D.C. Apr. 28, 2005); *Al Joudi v. Bush*, 05-CV-00301 (GK) (D.D.C. Apr. 4, 2005); *Al-Marri v. Bush*, 04-CV-2035 (GK) (D.D.C. Apr. 4, 2005); *Al-Mohammed v. Bush*, 05-CV-00247 (HHK) (D.D.C. Mar. 30, 2005); *Abdah v. Bush*, 04-CV-1254 (HHK) (D.D.C. Mar. 29, 2005).

2

advance notice as a condition of issuing a stay.[4] If this Court does not continue Judge Urbina's Order, this Court should impose a 30-day advance-notice requirement as a condition of entering a stay in this case, and the stay, like the stays in the other cases, should explicitly permit Petitioner to seek emergency relief.[5]

Dated:  September 23, 2005

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

*(signature)*

Richard L. Cys (DC Bar No. 087536)
1500 K Street, NW, Ste. 450
Washington, DC 20005-1272
Tel:  (202) 508-6617
Fax:  (202) 508-6699

James P. Walsh  (DC Bar No. 930115)
One Embarcadero Center, Suite. 600
San Francisco, California 94111
Tel:  (415) 276-6556
Fax:  (415) 276-6599

*Of Counsel*
Michael Ratner
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6464

---

[4] *Kurnaz v. Bush*, 04-CV-1135 (ESH) (D.D.C. Apr. 12, 2005); *Ameziane v. Bush*, 05-CV-00392 (ESH) (D.D.C. April 12, 2005); *Abdullah v. Bush*, 05-CV-00023 (RWR) (D.D.C. Apr. 8, 2005); *Al Rashaidan v. Bush*, 05-CV-00586 (RWR) (D.D.C. April 8, 2005); *El Banna v. Bush*, 04-CV-1144 (RWR) (D.D.C. Apr. 8, 2005); *Tumani v. Bush*, 05-CV-00526 (RMU) (D.D.C. Apr. 6, 2005); *Qayed v. Bush*, 05-CV-00454 (RMU) (D.D.C. Apr. 6, 2005); *Al-Wazan v. Bush*, 05-CV-00329 (PLF) (D.D.C. Apr. 1, 2005); *Al-Shihry v. Bush*, 05-CV-00490 (PLF) (D.D.C. Apr. 1, 2005) *Al-Oshan v. Bush*, 05-CV-00520 (RMU) (D.D.C. Mar. 31, 2005).

[5] Petitioner has conditionally consented to a stay. See Petitioner's Conditional Consent to Respondents' Motion to Stay Proceedings and Reply to Respondents' Opposition to Motion for Writ of *Habeas Corpus* or Order to Show Cause, filed September 12, 2005.

## CERTIFICATE OF SERVICE

I, Richard L. Cys, hereby certify at on this 23rd day of September, 2005, I caused copies of the foregoing Reply to Memorandum in Opposition to Petitioner's Motion for Preliminary Injunction Requiring Advance Notice of Transfer or Release to be served on each of the Respondents or their counsel as follows:

*By Express Mail to:*

The Honorable Kenneth L. Wainstein
U.S. Attorney
District of Columbia District
Judiciary Center
555 4th Street, N.W.
Washington, D.C. 20530

The Honorable Alberto R. Gonzales
Attorney General of the United States
U.S. Department of Justice
Robert F. Kennedy Building
Tenth Street & Constitution Ave., N.W.
Room 5111
Washington, D.C. 20530

George W. Bush
President of the United States of America
The White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

Donald Rumsfeld
Secretary of Defense
United States Department of Justice
1000 Defense Pentagon
Washington, D.C. 20301-1000

*By U.S. Mail to:*

Army Brig. Gen. J. Hood
Commander, Joint Task Force-GTMO
Guantánamo Bay Naval Station
Guantánamo Bay, Cuba
APO AE 09360

Army Col. Nelson J. Cannon
Commander, Camp Delta –JTF-GTMO
Guantánamo Bay Naval Station
Guantánamo Bay, Cuba
APO AE 09360

*By e-mail to:*

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Room 6120
Washington, DC 20530
e-mail: Andrew.Warden@usdoj.gov


_____
Richard L. Cys